**UNITED STATES STEEL CORPORA-TION, Republic Steel Corporation, et al., Plaintiffs,**

v.

**UNITED STATES, et al., Defendants,**

**and**

**Highveld Limited, Companhia Siderurgica Paulista (Cosipa), and Usinas Siderurgicas De Minas Gerais (Usiminas), Defendants-Intervenors.**

Court No. 82–10–01361.

United States Court of International Trade.

Nov. 9, 1983.

Law Department of U.S. Steel Corp. (D.B. King, J.J. Mangan, C.D. Mallick, L. Ranney and P.J. Koenig, Pittsburgh, Pa., of counsel), for plaintiff United States Steel Corp.

Cravath, Swaine & Moore, New York City (Joseph R. Sahid, New York City, of counsel), for plaintiffs, Republic Steel Inc., National Steel Corp., and Cyclops Corp.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (Francis J. Sailer, attorney, Commercial Litigation Branch, Washington, D.C.), for the federal defendants.

Wald, Harkrader & Ross, Washington, D.C., (Christopher A. Dunn, Washington, D.C., of counsel), for defendants-intervenors COSIPA and USIMINAS.

*Memorandum Opinion and Order On Motions for Certification of Appeal, Stay and Severance*

WATSON, Judge:

The Court has been presented with a series of related motions centered on the desire of plaintiff United States Steel Corporation (U.S. Steel) to appeal the decision of this Court that its corporate counsel should not have access to confidential business information in the administrative record of this judicial review. *United States Steel Corporation, Republic Steel Corporation, et al. v. United States, et al.,* 6 CIT —— (Slip Opinion 83–76, July 22, 1983) *rehearing denied,* Slip Opinion 83–99 (October 8, 1983). U.S. Steel has also moved to stay this action pending appeal. In a related motion (made prior to denial of the rehearing), plaintiffs Republic Steel Corporation, Inland Steel Company, Jones & Laughlin Steel Incorporated, National Steel Corporation, and Cyclops Corporation (the Five) moved to sever their action from that of U.S. Steel. They renewed the motion following the denial of rehearing. All the filings made in connection with the motions for certification, stay, and severance have been considered by the Court.

The federal defendants are neutral on the question of certification for appeal, favor the stay of the action if an appeal is certified, and oppose the severance motions made by the Five.

The Five do not oppose certification but oppose U.S. Steel's motion to the extent that it would stay the action being prosecuted by the Five.

U.S. Steel opposes the severance motions of the Five.

The Brazilian intervenors express no opinion on the issue of certification but support a stay in the event an appeal is certified and oppose the severance motions of the Five.

In this opinion, the Court decides in favor of plaintiff United States Steel Corporation's motion for certification of the question of access by corporate counsel to confidential business information in the administrative record. At the same time, it severs from Court No. 82–10–01361 those claims being made by U.S. Steel in which lack of access is an impediment to their conduct of litigation, namely the issues of "creditworthiness," "equity infusions" and "preferential loans." It also stays the severed action.

U.S. Steel remains a party plaintiff in the original Court No. 82–10–01361 with respect to the issues of "time periods" and "methodology," on which the access issue has no bearing. That action is not stayed.

■ On the question of the presence of those factors which may serve as grounds for appeal, the Court finds them to be present. The issue of whether corporate counsel for U.S. Steel should have access to business confidential information of competitors of U.S. Steel is a controlling question of law in the sense that it markedly restricts the manner in which U.S. Steel may conduct the litigation if it does not retain outside counsel. Although the Court found its own reasoning compelling, it can recognize that there is a substantial ground for difference of opinion on this issue. An immediate appeal from that decision may materially advance the ultimate termination of the litigation being conducted by U.S. Steel.

■ On the question of what should be done with respect to the action insofar as it is also being prosecuted independently by five other plaintiffs, the Court has not been persuaded by U.S. Steel that the proper step is to hold the entire action in abeyance. What U.S. Steel may lose by seeking appeal is the opportunity to participate as a party in the first wave of judicial review with respect to three issues of importance, but this is not a controlling consideration.

Their challenge on those issues however remains alive in the severed action, so it is not possible to say that they are suffering irreparable injury. The failure to achieve the most desirable order of presentation of issues from the standpoint of litigation strategy is not an irreparable injury to a party. This could easily happen in separate actions involving the same administrative determination if the actions moved at different paces under different judges or even under the same judge. Here, possibly because the parties and the Court have been bending every effort to achieve a unified, efficient, and speedy resolution of the action, this parting of the ways is more jarring than it would ordinarily be. In any event, the reasons for continuing the action as completely as possible are persuasive, notwithstanding the slight complication it involves.

The action has been given a statutory priority in 28 U.S.C. § 2647(4) and must be expedited in every way. Five plaintiffs wish to pursue their action and have already filed briefs on the pending issues. If a balance must be struck, the Court considers the overall completion of the judicial review to be more important as a matter of policy than the interest of a given party in pursuing a matter of particular concern to it. Given the conflicting desires of the parties, the Court believes that it has resolved them as fairly as possible.

Accordingly, it is hereby

ORDERED that Slip Opinion 83–76 be amended to include the paragraph of this opinion which begins "on the question of the presence of those factors which may serve as grounds for appeal," and it is further

ORDERED that the claims by U.S. Steel regarding the issues of "creditworthiness," "equity infusions," and "preferential loans" are severed and given the designa-

tion of Court No. 82–10–01361S, and it is further

ORDERED that Court No. 82–10–01361S be stayed pending application for appeal and if appeal is granted, pending appeal.